UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| MONICA T., | : | Case No. 1:22-cv-00277 |
| | : | |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (upon full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

This matter comes before the Court upon the Motion by Plaintiff's Attorney for Fees (Doc. No. 15), which requests attorney's fees in the amount of $17,000.00 pursuant to 42 U.S.C. § 406(b)(1). The Commissioner neither supports nor opposes the Motion. (Doc. No. 16, PageID# 1042.) For the reasons set forth below, the Motion is **GRANTED**.

**I.    BACKGROUND**

Previously in this Social Security appeal, Plaintiff filed a Statement of Specific Errors that raised two issues. (Doc. No. 9, PageID# 899). The Commissioner chose not to file a response but instead stipulated to a remand for further proceedings under Sentence Four of 42 U.S.C. § 405(g). (Doc. No. 10.) Upon the parties' joint motion (Doc. No. 13), the Court awarded attorneys' fees ($4,290.00) and costs ($402.00) to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142(d), for a total award of $4.692.00. (Doc. No. 14.)

On remand, the Commissioner awarded benefits to Plaintiff and notified her that she would receive a check in the amount of $70,332.28 for past-due benefits. (Doc. No. 15, PageID# 1032-33.) Although the Commissioner usually withholds 25 percent of past-due benefits for application toward an attorney's fees award under Section 406(b)(1), *it is unclear whether that happened in this case.* The Notice of Award states:

> **Information About Representative Fees**
>
> We cannot approve the fee agreement between you and your representative because both you and your representative did not sign the agreement.
>
> \*\*\*\*\*
>
> If your representative wants us to pay the fee from your withheld benefits, he or she must ask us to approve the fee within 60 days of the date of this letter.

(*Id*. at PageID# 1034-35.) Plaintiff's counsel requests attorney's fees in the amount of $17,000.00 (*id*. at PageID# 1026), which is approximately 24% of the past-due benefits.[1] Because counsel worked 22 hours on this case (*id*. at PageID# 1030), his hypothetical hourly rate is $772.73.

II.     **APPLICABLE LAW**

If a Social Security claimant obtains benefits after filing an appeal in this Court, then her counsel may ask the Court to award the amount of attorney's fees owed under a contingency fee agreement. 42 U.S.C. § 406(b)(1). The fee award may not exceed 25% of the past-due benefits, *id*., and it must only compensate counsel for work performed in the

---

[1] Plaintiff's counsel asserts that the $70,332.00 figure is only "3/4 of the past due benefits," and that "[t]he remaining 1/4 of the past-due benefits are about $23,200.00." (Doc. No. 15, PageID# 1027.) However, neither the Notice of Award attached to the Motion (*id*. at PageID 1033-35) nor any other evidence in the record supports this assertion.

2

federal court proceeding. *Horenstein v. Secretary of HHS*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc). The Commissioner routinely withholds 25% of a claimant's past-due benefits to pay for such a fee award. *See* 42 U.S.C. § 406(b)(1)(A) ("[T]he Commissioner … may … certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.").

However, even if a claimant agrees to pay her counsel a contingency fee award in the amount of 25% of past-due benefits, that amount is not automatically awarded. Instead, Plaintiff's counsel must show, and the Court must find, that the requested fee award is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (noting the Social Security Act "does not displace contingen[cy]-fee agreements" but "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Therefore, a request for a contingency fee award in the amount of 25% of past-due benefits "is not to be viewed as *per se* reasonable," but instead shall be given "the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).

To assist the Court with assessing the reasonableness of a request for attorney's fees, counsel should submit a record of hours worked and a statement of his normal hourly billing rate for noncontingent-fee cases (if any). *Gisbrecht*, 535 U.S. at 808. The Court may also consider evidence of the standard hourly rate for similar work performed in the relevant market. *Hayes v. Secretary of HHS*, 923 F.2d 418, 422 (6th Cir. 1990). But even fee awards that reflect above-average hourly rates may be reasonable:

3

> It is not at all unusual for contingent fees to translate into large hourly rates …. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer v. Secretary of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). Thus, the rule in the Sixth Circuit is that "[a] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422.

Notably, "a high effective hourly rate cannot **on its own** justify reducing a fee award—district courts must provide additional reasoning." *Tucker v. Comm'r of Soc. Sec.*, 136 F.4th 639, 644 (6th Cir. 2025) (emphasis in original). Therefore, in addition to "consider[ing] the effective hourly rate in weighing reasonableness," *id*., the Court will consider whether the requested fee should be reduced for other reasons. For example, there may be evidence that counsel acted improperly or would receive a windfall due to the discrepancy between relatively few hours worked and a sizeable award of past-due benefits. *Gisbrecht*, 535 U.S. at 808; *Rodriquez*, 865 F.2d at 746. The Court will consider the complexity and difficulty of the case, the results achieved, and whether any remand to the Commissioner was the result of a joint stipulation or a court order. *Tucker*, 136 F.4th at 644-45, 648. Finally, the Court will consider this guidance from the Sixth Circuit:

> Although we recognize that there are cases where the lawyer's unusual skill or diligence wins the case, typically the number of hours that are required to prosecute an appeal from the Secretary's determination will not vary greatly and will bear little if any relationship to the results achieved. Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the

4

>benchmark twenty-five percent of awards fee would obviously be inappropriate. The reviewing courts should not hesitate to make reductions in such situations, and at the other end of the spectrum should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client.

*Rodriquez*, 865 F.2d at 747.

After determining the amount of a reasonable contingency fee award under the Social Security Act, 42 U.S.C. § 406(b)(1), the Court will order counsel to refund to Plaintiff all fees previously awarded under the EAJA. *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).

### III.     ANALYSIS OF PLAINTIFF'S MOTION

As instructed by *Gisbrecht* and *Rodriquez*, the Court begins its analysis with the text of the contingency fee agreement. It provides, in relevant part:

>I employ James Roy Williams, Attorney at Law, to represent me on the appeal of my Social Security/SSI claim to the federal court …. In turn, I agree to pay this attorney a contingent fee of 25% of the past-due benefits payable to me and my family. I will pay no fee to this attorney unless I am awarded benefits.
>
>The federal court may award attorney fees to this attorney under the Equal Access to Justice Act, 28 U.S.C. Section 2412. These fees serve as a credit to any attorney fee which I must pay this attorney for the work he does on my claim in the federal court and may reduce the attorney fee which I must pay to this attorney for the work he does in the federal court only. In return for this, I assign any fee awarded under the Equal Access to Justice Act, 28 U.S.C. Section 2412, to this attorney.

(Doc. No. 15, PageID# 1031.) "Contingent-fee contracts … [at] the 25 percent ceiling … are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. Although this Court "is not bound to award recovery

according to the stated [25% fee] agreement," the Court "should give close attention" to the agreement and treat it as a rebuttable presumption. *Rodriquez*, 865 F.2d at 746.

Plaintiff's counsel submitted documentation that shows he worked 22 hours on the case filed in federal court. (Doc. No. 15, PageID# 1030.) Counsel also submitted an affidavit that details his background and experience. (*Id*. at PageID# 1038-39.) Finally, counsel submitted information from the Ohio State Bar Association regarding average 2019 hourly billing rates for attorneys, listed by geographic location and practice area. (*Id*. at PageID# 1049-41.)

After reviewing the materials submitted by counsel, the Court concludes that the hypothetical hourly rate of $772.73 is reasonable for the work performed in this case, and that the requested fee award of $17,000.00 is also reasonable.

First, as noted above, there is a rebuttable presumption that a 25% contingency fee agreement is reasonable. Plaintiff's counsel is seeking slightly less than that percentage (namely, 24%) and the Court is unaware of any evidence that rebuts the presumption.

Second, Plaintiff's counsel provided a sworn statement that his standard rate for Social Security/SSI cases is $350.00 per hour. (Doc. No. 15, PageID# 1039.) This rate is supported by the Ohio State Bar Association's survey of 2019 hourly billing rates, which shows that an hourly rate of $350 is within the 75th percentile for attorneys in downtown Cincinnati, which is where Plaintiff's counsel is located. (*Id*. at PageID# 1040.)

In this case, the hypothetical hourly rate of $772.73 is slightly more than twice the amount of counsel's standard rate. In the Sixth Circuit, "[a] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that

6

is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. In such circumstances, the Court may consider "arguments designed to rebut the presumed reasonableness of the attorney's fee." *Id*. However, the Commissioner did not offer any such arguments or object to the requested fee award. In the absence of any rebuttal, the Court may presume that Plaintiff's hypothetical hourly rate is reasonable. *Id*.

Third, counsel's hypothetical hourly rate of $772.73 fits comfortably within the range of fees that judges in this district have found reasonable. *See Twyla D. v. Comm'r of Soc. Sec.*, No. 3:19-cv-368, 2025 U.S. Dist. LEXIS 40825, at *4 (S.D. Ohio Mar. 6, 2025) (Silvain, MJ) (awarding hypothetical attorney hourly rate of $728.60 to attorney Michael Rake); *Jay V.N.I. v. Comm'r of Soc. Sec.*, No. 3:20-cv-365, 2024 U.S. Dist. LEXIS 98031, at *4 (S.D. Ohio June 3, 2024) (Silvain, MJ) (awarding hypothetical attorney hourly rate of $814.74 to attorney Richard Brian); *Martha G. v. Comm'r of Soc. Sec.*, No. 1:19-cv-936, 2023 U.S. Dist. LEXIS 63838, at *6-7 (S.D. Ohio Apr. 11, 2023) (Bowman, MJ) (awarding hypothetical attorney hourly rate of $869.56 to attorney Edward Ahlers), *report and recommendation adopted by* 2023 U.S. Dist. LEXIS 77738 (S.D. Ohio, May 3, 2023) (Barrett, DJ).

Fourth, after reviewing the submitted billing record, the Court finds no indication that the time expended by Plaintiff's counsel was excessive or improperly charged. *See, e.g., Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 652 (S.D. Ohio 2013) (Newman, MJ), *report and recommendation adopted*, 940 F. Supp. 2d 647 (S.D. Ohio 2013) (Rice, DJ) ("Without establishing a firm, bright line rule, the Court surveyed a

large number of EAJA fees/costs petitions recently filed in this District, and found the general range of time expended on these cases is 15-25 hours.")

Fifth, the Court has reviewed the proceedings in this case to assess their complexity and difficulty, the results achieved, and whether the case was remanded to the Commissioner because of a joint stipulation or a court order. *Tucker*, 136 F.4th at 644-45, 648. The docket shows that Plaintiff's counsel filed a thorough Statement of Specific Errors that raised two issues (Doc. No. 9), and the Commissioner chose to respond by agreeing to remand the case rather than await a judicial decision on the merits. Plaintiff's counsel achieved excellent results in an economical fashion and there is no basis to reduce the attorney's fees requested in this case.

Sixth, given the substantial risk undertaken by Plaintiff's counsel in accepting Social Security cases on a contingent fee basis, the undersigned finds that an award of $17,000.00 in this case is reasonable.

## IV. CONCLUSION

Upon review of Plaintiff's Motion and the supporting evidence, as well as the relevant legal authority, the Court finds that the requested attorney's fee award is reasonable. Accordingly, the Court **ORDERS** as follows:

1. The Motion by Plaintiff's Attorney for Fees (Doc. No. 15) is **GRANTED**. Plaintiff's Motion to Expedite (Doc. No. 18) is **OVERRULED** as moot.

2. Plaintiff's counsel is **AWARDED** attorney's fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $17,000.00. The Commissioner shall either **REMIT** this sum to Plaintiff's counsel if a percentage of Plaintiff's past-due benefits was withheld, or

8

**EMPLOY** the procedural remedy provided by agency policy (*see* Doc. No. 16, PageID# 1044 n.2) to assist Plaintiff's counsel with obtaining this amount of attorney's fees.

3. Plaintiff's counsel shall **REMIT** to Plaintiff, within fourteen (14) days of his receipt of this attorney's fee award, the prior EAJA award of $4,290.00.

4. The Commissioner shall **RELEASE** to Plaintiff the remaining funds, if any, that were withheld from her award of past-due benefits to pay her attorney's fees.

5. This case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

Date:   November 25, 2025              */s/ Caroline H. Gentry*
                                       Caroline H. Gentry
                                       UNITED STATES MAGISTRATE JUDGE